```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------

JORGE MARTINEZ,

                        Plaintiff,
                                                 12 Civ. 1499 (RWS)
          - against -
                                                     OPINION

NEW YORK STATE DEPARTMENT
OF CORRECTIONS, et al.,

                        Defendants.

-------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-16-13
```

A P P E A R A N C E S:

Plaintiff Pro Se

JORGE MARTINEZ
Inmate No. 01-a-1333
Wyoming Correctional Facility
P.O. Box. 501
Attica, NY 14011-0501


Attorney for Defendants

ATTORNEY GENERAL OF THE STATE OF NEW YORK
120 Broadway
New York, NY 10271
By:  Jason Clark, Assistant Attorney General

**Sweet, D.J.**

The defendants New York State Department of Corrections ("DOC") and John Perilli, P.A. ("Perilli" and collectively, "Defendants") have moved to dismiss the complaint of plaintiff Jorge Martinez ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). For the reasons set forth below, Defendants' motion is granted, and the Complaint is dismissed with prejudice.

**Prior Proceedings**

On February 27, 2012, Plaintiff filed a complaint (the "Complaint") in which he asserted a claim under 42 U.S.C. § 1983 ("§1983") arising from Perilli's alleged failure to provide Plaintiff with medications and a medical device necessary for Plaintiff's ambulation.

Defendants moved to dismiss the Complaint on June 28, 2013, and the motion was taken on submission on July 22, 2013.

1

**Applicable Standard**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12, all factual allegations in the Complaint are accepted as true, Krijn v. Pogue Simon Real Estate Co., 896 F.2d 687, 688 (2d Cir. 1990), and all inferences are drawn in favor of the pleader. Amidax Trading Group v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 534 (S.D.N.Y. 2002) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Emerson v. City of New York, 740 F. Supp. 2d 385, 390 (S.D.N.Y. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Plaintiffs must allege sufficient facts to 'nudge their claims across the line from conceivable to plausible.'" Deutsche Alt-A Sec. Mortg. Loan Trust, Series 2006-0A1 v. DB Structured Prods., Inc., --- F. Supp. 2d ---,

2

No. 12 Civ. 8594 (RWS), 2013 WL 3863861, at *4 (S.D.N.Y. July 24, 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (alterations omitted). "Though the court must accept the factual allegations of a Complaint as true, it is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease and Related Disorders Ass'n, Inc., 796 F. Supp. 2d 458, 465 (S.D.N.Y. 2011) (quoting Twombly, 550 U.S. at 555). Moreover, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a viable claim. Novick v. Metro. Life Ins. Co., 764 F. Supp. 2d 653, 659 (S.D.N.Y. 2011) (quoting Iqbal, 556 U.S. at 678) (alteration omitted).

In addition to the factual allegations set forth in the Complaint, courts may also take into account "documents attached to the Complaint as an exhibit or incorporated in it by reference, [as well as] matters of which judicial notice may be taken" when determining the sufficiency of a plaintiff's claim for Rule 12(b)(6) purposes. Cohain v. Klimley, Nos. 08 Civ. 5047 (PGG), 09 Civ. 4527 (PGG) & 09 Civ. 10584 (PGG), 2010 WL 3701362, at *4 (S.D.N.Y. Sept. 20, 2010) (quoting Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d

Cir. 1993)).

When a litigant is proceeding pro se, "his submissions will [ ] be liberally construed and read to raise the strongest argument they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). In addition, the submissions of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), and courts "apply[] a more flexible standard to evaluate their sufficiency tha[n] when reviewing a Complaint submitted by counsel," Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 139-40 (2d Cir. 2000).

However, "pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (internal citation and quotation marks omitted).

**The Plaintiff's Claim Is Untimely**

Plaintiff's §1983 claim is based upon his allegations that, upon Plaintiff's transfer to Sing Sing correctional facility, Perilli, who was a member of Sing Sing's medical personnel, discontinued Plaintiff's medical prescriptions which he allegedly required to treat his arthritis, and also refused to provide Plaintiff with a "medical boot[]" to aid in Plaintiff's ambulation.  Compl. at 4-5.  Plaintiff has alleged that Perilli engaged in this conduct starting from when Plaintiff was first transferred to Sing Sing, and that the conduct continued until the date of Plaintiff's transfer another correctional facility, id. at 4-5, which, according to prison records, occurred on February 12, 2009.[1]

Because there is no federal statute of limitations for § 1983 actions such as the one asserted by Plaintiff here, federal courts have traditionally applied the relevant state law limitations period for personal injuries, see Wilson v.

---

[1] Judicial notice may be taken of prison records pursuant to Fed. R. Evid. 803(6).  See McEachin v. Selsky, No. 04 Civ. 0083 (FJS/RFT), 2010 WL 3259975, at *13 n. 13 (N.D.N.Y. Mar. 30, 2010).

Garcia, 471 U.S. 261, 276 (1985), which in New York is three years. See Owens v. Okure, 488 U.S. 235, 250-51 (1989). Plaintiff's Complaint was filed on February 27, 2012, which is more than three years after the latest possible instance of the alleged misconduct by Perilli. Accordingly, Perilli's claim is time-barred, having been asserted after the statute of limitations had run.

When a motion to dismiss is granted, "[i]t is the usual practice . . . to allow leave to replead." Schindler v. French, 232 Fed. Appx. 17, 19 (2d Cir. 2007) (quoting Cortec Indus., Inc. v. Sum Holding P.P., 949 F.2d 42, 48 (2d Cir. 1991)). However, amendment of Plaintiff's claim would be futile because, as set forth above, the allegedly unlawful conduct could not have taken place within three years of the filing of the Complaint. Under such circumstances, dismissal with prejudice is appropriate. Musah v. Houslanger & Assocs., PLLC, --- F. Supp. 2d ---, No. 12 Civ. 3207 (RWS), 2013 WL 4516786, at *6 (S.D.N.Y. Aug. 26, 2013).

**Conclusion**

For the reasons set forth above, the Defendants' motion to dismiss is granted with prejudice.

It is so ordered.

New York, NY
September 16, 2013

_____
ROBERT W. SWEET
U.S.D.J.